IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DOUG TAYLOR and TONYA TAYLOR, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 08-188-KD-C |
| | * | |
| WAL-MART STORES, INC., STRONG BUILT, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |

## AMENDED MOTION FOR STAY

COME NOW, the Plaintiffs in the above captioned action, by and through undersigned counsel, and respectfully request that this Court enter an order staying this matter pending the resolution of Defendant, Strong Built, Inc.'s ("Strong Built") Motion for Summary Judgment. As grounds therefore, Plaintiff states unto this Honorable Court as follows:

1. Strong Built's Motion for Summary Judgment is pending before this Honorable Court and is dispositive as to the issues by and between the Plaintiffs and Strong Built.

2. Subsequent to the Plaintiff's obtainment of relief from this Court, via their second motion to amend the scheduling order so as to allow Plaintiff additional time to disclose their expert testimony pursuant to Rule 26(a)(2), Plaintiff has consulted, extensively with Kendall Clarke, a metallurgist, who the Plaintiff intends to utilize as an expert in terms of the cause of the failure of the subject tree stand, specifically whether in fact the component metal parts of the tree stand in question contained and exhibited the requisite tinsel strength necessary to allow the tree stand to perform as intended.

3. In speaking with Mr. Clarke, it has become apparent that in order for him to fully prepare his expert opinion, the Plaintiff would have to incur substantial additional expense.

4.      Given the pendency of Strong Built's motion, whereby the issues by and between the parties may be disposed of via said summary judgment, Plaintiff is simply not in a position to incur the additional financial expense required by Mr. Clarke in order for him to finalize his expert opinion unless and until the legal question presented by Strong Built's motion is ruled upon.

5.      Counsel for Strong Built has no objection to this motion.

6.      As it is well settled that a district court has broad discretion to stay proceedings pending before it and to control its docket for purposes of "economy of time and effort for itself, for counsel, and for litigants," and given that there is no objection by Strong Built to this motion, this matter should be stayed pending the resolution of Strong Built's Motion for Summary Judgment. Landis v. North Am. Co., 299 U.S. 248, 254 (1936); Clinton v. Jones, 520 U.S. 681, 706-07 (1997).

7.      The power to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55 (citations omitted). In order to meet this burden, the plaintiff must show that its motion is supported by genuine necessity. Id. Strong Built's Motion for Summary Judgment raises a legal question as to the viability of the Plaintiffs' claims against it due to Strong Built's prior bankruptcy filing. The Motion for Summary Judgment has been fully briefed by the parties and submitted to this Honorable Court for determination. Assuming the Court grants Strong Built's Motion for Summary judgment, then it will not be necessary for both parties and the Court to devote any time and effort to litigate the Plaintiffs' claims herein.

8.      Hence, there is a genuine necessity that underlines Plaintiffs' Motion for Stay. In order to meet their burden of proof, Plaintiffs must proffer expert testimony as to the defectiveness of the tree stand in question. Yet, Plaintiffs are financially unable to do so at this time unless and until the legal issue regarding Strong Built's prior bankruptcy is resolved in their favor.

WHEREFORE, Plaintiffs respectfully request that this matter be stayed and that the attendant deadlines pursuant to this Court's scheduling order be held in abeyance until such time as the Court rules upon Strong Built, Inc.'s pending Motion for Summary Judgment.

                Respectfully submitted,

                s/John R. Parker
                **JOHN R. PARKER (PARKJO923)**
                Attorney for Plaintiffs

**OF COUNSEL:**

**Law Offices of John W. Parker**
820 So. University Boulevard, Suite 2-F
Mobile, Alabama 36609
(251) 341-1020

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 24th day of March, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following and/or depositing a copy of same in the United States Mail, properly addressed and first class postage prepaid and/or via facsimile, as appropriate:

    John P. Kavanagh, Jr., Esq.
    Keith Rivers, Esq.
    Burr & Foreman
    Post Office Box 16046
    Mobile, Alabama 36616

                s/John R. Parker
                **JOHN R. PARKER**